IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv406

| | |
|---|---|
| **TIEN HSIN INDUSTRIES CO., LTD.;** and **FULL SPEED AHEAD, INC.,** d/b/a **FULL SPEED AHEAD,**<br><br>         **Plaintiffs,**<br><br>Vs.<br><br>**CANE CREEK CYCLING COMPONENTS, INC.;** and **HOMER JOHN RADER, III,**<br><br>         **Defendants.** | **AMENDED ORDER CONSOLIDATING THIS MATTER WITH 1:07cv133** |

**THIS MATTER** is before the court on defendants' Motion to Consolidate.

There are a number of problems with such motion:

    (1)    the moving defendants have improperly denominated themselves as "plaintiffs" in the caption and body of the pleading;

    (2)    the moving defendants have twice filed the motion under docket entry # 3;

    (3)    the motion is unsupported by a brief, a violation of Local Civil Rule 7.1(C);

    (4)    the motion does not reflect consultation with opposing counsel, a violation of Local Civil Rule 7.1(B) ; and

    (5)    in an attempt to correct the misidentification issue, a third copy of the motion was filed under docket entry # 4 as a "Notice of Corrected Image/Document," which does not operate to terminate docket entry #3 as a motion and, as denominated as a "Notice" rather than motion, does not show in the court's docket as a pending motion. While this notice corrects the misidentification of the defendants, it does not correct the

>LCvR 7.1(B) & (C) problems. The better method would have been to withdraw the incorrect motion and file a new motion.

The most important error was the failure to reflect that defendants consulted with counsel for plaintiffs. Local Civil Rule 7.1(B) provides in relevant part:

>**(B)** *Requirement of Consultation*. Any motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved. <u>The requirement of consultation also applies to motions for extension of time and to motions for continuance of a trial or other proceeding.</u>

\* \* \*

Inasmuch as such omission was likely due to oversight, and it appearing that plaintiffs have interposed no objection to either the oversight or the substance of the motion, the request will be allowed. Counsel is advised that the court is not finding fault for fault's sake, but is instead attempting to highlight the requirements of the Local Rules, which were carefully crafted by members of the Bar and implemented by the district court to provide for the expeditious handling of matters.

Finally, having been informed in January the parties were considering consent under Local Civil Rule 73.1(C) in <u>Cane Creek Cycling Components, Inc., *et al.* v. Tien Hsin Industries Co., Ltd., *et al.*</u>, 1:07cv 133 (W.D.N.C. 2007), the court must now assume under Rule 73.1(D) that there has been a declination of consent inasmuch as the required form has not been filed. As a consequence, counsel should be aware that the district court may, in its sound discretion, rescind the referral of this matter inasmuch as it traditionally handles patent litigation directly due to the difficulties which tend to arise from such litigation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's' Motion to Consolidate (#3) is **ALLOWED,** and this action is **CONSOLIDATED** with and shall proceed under the earlier filed action, Cane Creek Cycling Components, Inc., *et al.* v. Tien Hsin Industries Co., Ltd., *et al.*, 1:07cv 133 (W.D.N.C. 2007).

Signed: April 3, 2008

Dennis L. Howell
United States Magistrate Judge